In the Matter of the Petition of DAVID M. PEYSER, Administrator, etc., of THERESA PEYSER, Deceased, Respondent.

JULIUS HELBURN and HANNAH HELBURN, Appellants.

*Proceeding for the examination of a party as to property of a decedent — what answer does not require its dismissal.*

An answer interposed by a person, whose examination, concerning personal property of the petitioner's intestate alleged to be in her possession, was sought under the provisions of section 2707 of the Code of Civil Procedure, which alleges that such person " is the owner of all property specifically recited in said petition, or entitled to the possession thereof," does not comply with section 2709 of said Code, providing that where the person sought to be examined interposes a duly verified answer that she is the owner of the property, or entitled to the possession thereof by virtue of a lien thereon, or special property therein, the surrogate must dismiss the proceeding, as such an answer is not an absolute claim of ownership or of a right of possession by virtue of a lien thereon or special property therein, but is merely a naked alternative claim to the property.

APPEAL by Julius Helburn and Hannah Helburn from an order of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 25th day of October, 1898, ordering the appellants to appear at the Chambers of the said Surrogate's Court and be examined concerning the personal property of Theresa Peyser, deceased, alleged to be in their possession in pursuance of section 2707 of the Code of Civil Procedure.

*Paul M. Herzog,* for the appellants.

*Mitchell L. Erlanger,* for the respondents.

PATTERSON, J. :

This is an appeal from an order of the surrogate of the county of New York denying a motion to dismiss an order for the examination of Hannah Helburn and Julius Helburn, and requiring those persons to appear for examination, at a time fixed in the order, concerning personal property of Theresa Peyser, deceased. On a petition of David M. Peyser, administrator of, etc., of Theresa Peyser, an order for the examination of the two persons named above was granted; whereupon they moved to dismiss the proceeding upon the ground that, under the averments of answers they had filed to the administrator's petition, the surrogate had no jurisdiction to require them to be examined as to certain property. The petition of the administrator contained all the allegations proper to an application for an examination under section 2707 of the Code of Civil Procedure, and set forth in the 6th paragraph that his intestate was possessed of certain valuable property, describing it, all of which property he declared was in the possession of the Helburns. In their answers, Mr. and Mrs. Helburn admitted that they had certain personal property of the intestate which they offered to deliver to the administrator, but they both swore that Mrs. Helburn " is the owner of all property specifically recited in said petition, or entitled to the possession thereof." That allegation of the answers refers to the property described in the 6th paragraph of the administrator's petition. It is not a claim absolutely to ownership, nor of a right of possession by virtue of a lien thereon or special property therein. It is provided by section 2709 of the Code of Civil Procedure that if a person cited to attend for examination as to the property of a decedent under section 2707 interposes a duly verified answer that he is the owner of the property, or entitled to the possession thereof by virtue of a lien thereon or special property therein, the surrogate must dismiss the proceeding as to such property so claimed. The reason of this provision evidently is that the surrogate has no jurisdiction to try a question of title in a proceeding of this character.

The question is, whether the appellants have presented in a proper and sufficient way such a state of facts as exempt them from

examination in this proceeding. They do not state that Mrs. Helburn is the owner of the property; they say that she is *either* the owner or is entitled to the possession thereof. By their own statement what her relation to the property really is is doubtful to them. There is no absolute claim of ownership made. There is not an answer interposed, duly verified, that Mrs. Helburn owns the property, nor is there an answer duly verified that she is entitled to the possession thereof by virtue of a lien thereon or special property therein, and so the answer is merely a naked alternative claim to the property. The requirement of the Code as to dismissing the proceeding was not satisfied. In that state of the answers the surrogate very properly determined that from the indefiniteness of the respondents' claim, it could not be adjudged that the respondents were exempt from examination because of a claim of ownership or of a claim of right to possession under a lien upon or special property in the articles specified in the 6th paragraph of the administrator's petition.

The order appealed from must be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and McLAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.